# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| OCEAN SEMICONDUCTOR LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 6:20-cv-1210-ADA |
| MEDIATEK INC. AND MEDIATEK USA INC. ("MEDIATEK"), | § § § § | |
| Defendant. | § § § | |

**MEDIATEK INC.'S AND MEDIATEK USA INC.'S OPPOSITION TO MOTION FOR
<u>CONSOLIDATION OF CO-PENDING RELATED CASES</u>**

I.      **INTRODUCTION**

Consolidation is only appropriate when it promotes judicial efficiency without prejudicing or unfairly advantaging any party. *Arnold & Co., LLC v. David K. Young Consulting, LLC*, No. SA-13-CV-00146-DAE, 2013 WL 1411773, at *2 (W.D. Tex. Apr. 8, 2013). During the parties' meet and confer, Ocean explained that it seeks consolidation not just to coordinate the schedules and *Markman* proceedings across the seven cases—which the Court routinely accomplishes without formal consolidation—but also to limit the Defendants' ability to individually take discovery and submit briefing. Those limitations would prejudice MediaTek's ability to adequately defend its interests among a group of Defendants with different accused products manufactured by different permutations of foundries who implement different semiconductor-manufacturing tools. And there is no legal basis for such limitations, either. In fact, the Court's Order Governing Proceedings ("OGP") explicitly provides that, even in consolidated cases, defendants shall receive the same number of discovery requests and summary-judgment pages they would receive if the consolidated cases were proceeding individually. OGP Version 3.3, at n.2.

Judicial efficiency can be achieved—without prejudicing MediaTek—by treating this case and the six others Ocean filed in this District just like the Court treats most other related cases: by coordinating the schedules, given that all cases were filed on the same day, and by holding a coordinated *Markman* hearing. There is no need for formal consolidation, and Ocean's request should be denied.

II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure 42(a) gives the district court discretion to consolidate actions if doing so promotes judicial efficiency. *In re Air Crash Disaster at Fla. Everglades*, 549

F.2d 1006, 1012 (5th Cir. 1977).[1] But a district court must weigh its interest in judicial efficiency against the potential for prejudice caused by consolidation. *See Arnold*, 2013 WL 1411773, at *2. Consolidation "does not merge the suits into a single action or change the rights of the parties; rather, consolidation is intended only as a procedural device used to promote judicial efficiency and economy and the actions maintain their separate identities." *Lay v. Spectrum Clubs, Inc.*, No. SA-12-CV- 00754-DAE, 2013 WL 788080, at *2 (W.D. Tex. Mar. 1, 2013) (internal quotations omitted). The party seeking consolidation bears the burden to show it is appropriate in the case at hand. *Certified/LVI Envtl. Servs., Inc. v. PI Constr. Corp.*, No. SA-01-CA-1036-FB-NN, 2003 WL 1798542, at *2 (W.D. Tex. March 3, 2003).

### III.   FACTUAL BACKGROUND

Ocean's seven cases accuse Defendants' semiconductor products of infringing between seven and nine patents. In this case, Ocean accuses almost 125 MediaTek semiconductor products used in consumer electronics like phones, tablets, and networking devices. *See* Dkt. 1 at ¶¶ 7, 15. Ocean alleges that foundries—in MediaTek's case, Taiwan Semiconductor Manufacturing Company ("TSMC") and United Microelectronics Corporation ("UMC")—use semiconductor-manufacturing tools that perform the patented methods when making the accused semiconductor products.  *See id.* at 8.

That pattern—accused devices manufactured by foundries using allegedly infringing tools—is the basis for Ocean's complaints in all seven suits. But the factual allegations diverge in two key ways: (1) the foundries Ocean alleges manufacture the accused products in each case,

---

[1] Consolidation is a procedural, non-patent issue to which Fifth Circuit law applies. *See DynaEnergetics Eur. GmbH v. Hunting Titan, Inc, KTech*, 6:20-cv-00069-ADA, 2020 WL 3259807, at *1 (W.D. Tex. June 16, 2020) (citing *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013).

and (2) the tools used to do so. While PDF's Exensio, Applied Materials' E3, and ASML's YieldStar and TWINSCAN tools are accused in each case, Ocean also alleges the accused products were made by camLine's LineWorks, Applied Materials' SmartFactory, or both. No two cases have complete overlap between the foundries and tools named in Ocean's complaints, as shown in the table below.

**Table 1**

| | | Foundry | | | | |
|---|---|---|---|---|---|---|
| | | TSMC | TSMC, Own Fab | TSMC, UMC | TSMC, UMC, Own Fab | TSMC, Kioxa, Own Fab |
| Tool | camLine | SiLabs | Renesas | | STMicro* | |
| | Applied Smart Factory | | | MediaTek | NXP* | Western Digital |
| | Both | | | NVIDIA** | | |

\*       Ocean also asserts the '097 Patent.
\*\*     Ocean also asserts the '170 and '383 Patents.

Notably, Ocean reserves the right in its Motion to assert infringement theories based on additional foundries, importers, or tools leaving open the possibility that the cases will diverge even more. Dkt. 19 at nn. 1, 2.

**IV.    ARGUMENT**

MediaTek does not oppose the judicial-efficiency measures this Court routinely takes in cases asserting the same patents, like entering coordinated schedules and holding coordinated *Markman* proceedings. Ocean filed all seven of its cases on the same day and filed notices of case readiness in all cases within a ten-day span. So, entering similar schedules in each case makes sense and would allow the Court to consider claim construction, discovery disputes, and dispositive motions on similar timelines for each case. Holding a joint *Markman* hearing among all cases also makes sense, so long as each Defendant can reasonably pursue its individual interests.

Ocean's Motion does not explain what consolidation measures it seeks beyond the Court's routine practices or why such measures are required to promote judicial efficiency. But, as Ocean described during the parties' meet-and-confer, it wants the Court to give Ocean substantive and procedural advantages under the guise of judicial efficiency. For example, Ocean wants the Court to limit Defendants' written discovery and require Defendants to file joint briefs, even on dispositive motions.[2] Consolidation, particularly under these terms, would prejudice MediaTek without improving judicial efficiency.

### A.  Consolidation would prejudice MediaTek.

As explained above in the Factual Background, Ocean's seven cases do not completely overlap. Because Ocean accuses different combinations of foundries and tools in each case, MediaTek's interests are unique. Even where Ocean asserts the same seven patents, each foundry's different implementation of the various tools necessitates different positions on infringement, claim construction, and (potentially) invalidity. Further, MediaTek does not have its own fabrication capabilities[3] and is unlikely to have any relevant technical documents. Therefore, this case may present different discovery issues than those where Ocean accuses the Defendant's own fabrication activities. *See supra*, Table 1 (entries for Renesas, ST Micro, NXP, and Western Digital).

---

[2] While less specific than Ocean's representations on the parties' meet-and-confer, Ocean's Motion also implies that it wants to limit Defendants' ability to separately brief issues. Dkt. 19 at 4 (complaining that "every defendant has filed a Motion to Dismiss"); 7 (proposing that by consolidating the cases, the Court could "only consider[] a single set of briefs"). Ocean's Motion does not mention discovery limitations.

[3] *See* https://i.mediatek.com/about-mediatek ("MediaTek is the world's 4th largest global fabless semiconductor company and powers more than 2 billion devices a year.")

Western Digital's two IPRs are a more concrete example of the Defendants' divergent interests. In both IPR petitions, Western Digital agrees that if the PTAB institutes the IPRs, Western Digital will not "pursue invalidity on the same grounds in district court." Ex. A, IPR No. 2021-00864, Paper 1 at 6; Ex. B, IPR No. IPR2021-00929, Paper 1 at 7. But MediaTek, who has not yet filed IPRs and is not a real party in interest to Western Digital's IPRs, is not bound by that stipulation. Therefore, MediaTek can raise those invalidity grounds regardless of whether the PTAB institutes Western Digital's IPRs. Forcing MediaTek to pursue the same invalidity positions as Western Digital, by requiring either joint invalidity contentions or joint briefing on invalidity issues, would therefore prejudice MediaTek.

This divergence alone is sufficient grounds to deny Ocean's Motion, as Ocean bears the burden to establish as a threshold matter that the cases have common questions of law and fact. *YETI Coolers, LLC v. RTIC Drinkware, LLC*, No. 1:16-CV-909-RP, 2017 WL 5505325, at *2 (W.D. Tex. Jan. 18, 2017). It is not enough that the cases entail *similar* questions. *Id.* (denying consolidation where "the questions arising in each case are not the same and necessarily can be resolved differently for each category of products").

Any arrangement that inhibits MediaTek's ability to defend its interests—such as limiting its discovery rights or forcing it to submit joint briefs—is prejudicial. This is especially true because the limitations Ocean seeks would provide MediaTek fewer rights than a typical defendant sued in this Court would receive. The OGP provides limits—on both discovery and summary-judgment motions—that apply to each "side." OGP Version 3.3, at pp. 2, 7. The OGP defines "side" as including "related defendants sued together." *Id.* at n.2. But if "the Court consolidates related cases for pretrial purposes, with regard to calculating limits imposed by this Order, a 'side' shall be interpreted as if the cases were proceeding individually." *Id.* In other

5

words, Ocean seeks limitations beyond what this Court finds to be appropriate, even in consolidated cases. Imposing limits on MediaTek that are stricter than limitations applied in any other case is inherently prejudicial.

Further, Ocean provides no authority to support its request that, if consolidated, Defendants should have to file joint briefs even for dispositive motions. MediaTek is unaware of any case where this Court has imposed such a limitation and doing so would be improperly prejudicial. *Cf Lay*, 2013 WL 788080, at *2 (consolidation "does not merge the suits into a single action or change the rights of the parties"); *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983) ("Consolidation is improper if it would prejudice the rights of the parties."); *Dupont v. S. Pac. Co.,* 366 F.2d 193, 196 (5th Cir. 1966) ("Where prejudice to rights of the parties obviously results from the order of consolidation, the action of the trial judge has been held reversible error."). Ocean's request should be denied.

**B.   Consolidation will not increase judicial efficiency, but merely provide Ocean with a litigation advantage.**

In complaining about how much work it did to respond to Defendants' Motions to Dismiss, Ocean's Motion ignores an obvious point—it chose to file seven lawsuits at once in this District (and three others in the Eastern District of Texas and the District of Massachusetts). Responding to seven motions to dismiss is not the result of Defendants' conspiracy against Ocean or an example of prejudice; it is merely the ordinary and foreseeable result of suing seven defendants. Ocean's Motion seeks not judicial economy, but an advantage in litigation by reducing the work needed to prosecute its seven cases. Consolidation is improper when it gives one party an unfair litigation advantage, which would inherently prejudice the other party. *St. Bernard Gen. Hosp.*, 712 F.2d at 989; *Certified/LVI*, 2003 WL 1798542, at *2 (finding that a

"well-drafted" motion for consolidation will argue that consolidation would not result in unfair prejudice).

As explained above, there is no legal basis or precedent for consolidating Ocean's seven cases and then requiring all Defendants to file joint briefing. Even if requiring a single, joint brief on every issue would increase judicial efficiency, the Court's interest in judicial efficiency must be weighed against the potential prejudice to a party. *See Arnold*, 2013 WL 1411773, at *2. And consolidating the cases under the terms explained in the OGP (i.e. giving each Defendant its full discovery and briefing rights) provides little judicial economy beyond the coordinated schedule and *Markman* proceedings that are routine in this Court.

Ocean argues that consolidation will eliminate the risk for legally or factually inconsistent rulings, thereby increasing judicial efficiency. But its primary basis for that argument is the assumption that consolidation will yield a single brief for each issue, not "briefing spread across the actions" which could "easily lead this Court to making inconsistent decisions." Dkt. 19 at 6. Again, requiring a single set of briefs is improper.

Further, the fact that all cases are already pending before the same Judge substantially reduces the risk of inconsistent results. *Keranos, LLC v. Analog Devices, Inc.*, No. 2:10-CV-207, 2012 WL 12892441, at *3 (E.D. Tex. Feb. 1, 2012) (denying consolidation and finding no risk of inconsistent rulings where five patent infringement cases were before the same judge). Because the cases will proceed on very similar schedules, similar motions should be ripe for adjudication at similar times. And the Court can just as easily compare each Defendant's brief for consistency *across* cases as it can *within* a consolidated case. Therefore, consolidation does not increase judicial efficiency or reduce the risk of inconsistent results.

## V.	CONCLUSION

Other than a litigation advantage to itself, Ocean has not identified any benefits that would flow from a consolidated case handled under the OGP's "per-side" limitations. And consolidation under the terms Ocean seeks would impose prejudicial discovery and briefing limitations. Either way, consolidation is improper and unnecessary here and Ocean's request should be denied.

|  |  |
|---|---|
| Dated: June 4, 2021 | /s/ *David H. Harper* <br> David H. Harper <br> Texas Bar No. 09025540 <br> david.harper@haynesboone.com <br> Stephanie Sivinski <br> Texas Bar No. 24075080 <br> stephanie.sivinski@haynesboone.com <br> HAYNES AND BOONE, LLP <br> 2323 Victory Avenue, Suite 700 <br> Dallas, Texas 75219 <br> (214) 651-5000 (telephone) <br> (214) 200-0615 (fax) <br><br> COUNSEL FOR DEFENDANTS MEDIATEK INC. AND MEDIATEK USA INC. |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF System.

/s/ *David H. Harper*

9