**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| OCEAN SEMICONDUCTOR LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 6:20-cv-1210 |
| MEDIATEK INC. AND MEDIATEK USA INC. ("MEDIATEK"), | § § § § | |
| Defendant. | § § § | |

**DEFENDANTS MEDIATEK INC. AND MEDIATEK USA INC.'S
<u>MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE</u>**

**CONTENTS**

I.     INTRODUCTION ...................................................................................................................1

II.    FACTUAL BACKGROUND..................................................................................................2

III.   LEGAL STANDARD..............................................................................................................4

IV.    ARGUMENT............................................................................................................................5

      A.    Ocean could have sued MediaTek in the Austin Division......................................5

      B.    The Austin Division is more convenient than the Waco Division..........................5

            1.    Proof is easier to access in Austin, which favors transfer............................6

            2.    The cost of attendance for willing witnesses favors transfer.......................8

            3.    Austin has a stronger local interest, which favors transfer. ......................10

            4.    The lack of "practical problems" favors transfer. .....................................10

            5.    The remaining factors are neutral. .............................................................11

V.     CONCLUSION......................................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Datascape, Ltd. v. Dell Techs., Inc. et al.*,
　No. 6:19-CV-00129, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ..............................4, 10, 11

*Fintiv Inc. v. Apple Inc.*,
　No. 6:18-cv-00372, 2019 WL 4743678 ................................................................................6, 9

*In re HTC Corp.*,
　889 F.3d 1349 (Fed. Cir. 2018).................................................................................................5

*Mimedx Group, Inc. v. Texas human Biologics, Ltd.*, No. 1:14-CV-464, 2014 WL
　12479284...................................................................................................................................9

*Moskowitz Family LLC v. Globus Med., Inc.*,
　No. 6:19-cv-00672, 2020 WL 4577710 (W.D. Tex. Jul. 2, 2020)............................................9

*Netlist, Inc. v. SK Hynix Am. Inc.*,
　No. 6:20-cv-00194, 2021 U.S. Dist. LEXIS 47242 (W.D. Tex. Feb. 2, 2021) .........................9

*Ocean Semiconductor LLC v. Renesas Elecs. Corp.*,
　Civil Action No.: 6:20-cv-1213, Dkt. 39 (W.D. Tex. July 9, 2021)..........................................7

*Ocean Semiconductor LLC v. Renesas Elecs. Corp.*,
　No.: 6:20-cv-1213, Dkt. 36 (W.D. Tex. June 25, 2021) ............................................................1

*Ocean Semiconductor LLC v. Silicon Labs. Inc.*,
　No. 6:20-cv-01214-ADA, Dkt. 34 (W.D. Tex. Aug. 20, 2021).................................................1

*Ocean Semiconductor LLC v. STMicroelectronics, Inc.*,
　No. 6:20-cv-01215-ADA, Dkt. 37 ............................................................................................2

*Ocean Semiconductor LLC v. W. Digital Techs., Inc.*,
　No. 6:20-cv-01216-ADA, Dkt. 25 (W.D. Tex. May 5, 2021) ...................................................2

*In re Radmax, Ltd.*,
　720 F.3d 285 ......................................................................................................................4, 6, 9

*STC.UNM v Taiwan Semiconductor Mfg. Co.*,
　No. 6:19-cv-261-ADA, Dkt. 44-1 (W.D. Tex. Sept. 5, 2019)...............................................4, 8

*In re Toyota Motor Corp.*,
　747 F.3d 1338 ...........................................................................................................................6

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)........................................................................................4

*VLSI Tech. LLC v. Intel Corp.*,
    No. 6:19-CV-00254, 2019 WL 8013949 (W.D. Tex. Oct. 7, 2019)...........................4, 8, 9, 10

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ........................................................................................4, 5

*In re Volkswagen*,
    371 F.3d 201 (5th Cir. 2004) ...............................................................................1, 4, 5, 6, 11

*WSOU Invs. LLC v. Microsoft Corp*,
    No. 6:20-cv-00454, 2021 WL 1298935 (W.D. Tex. Apr. 7, 2021) .......................................7, 8

**Statutes**

28 U.S.C. 1400(b) ................................................................................................................5

28 U.S.C. § 1404(a) ..........................................................................................................4, 5

**I.    INTRODUCTION**

Ocean Semiconductor ("Ocean") asserts seven patents against MediaTek, Inc. and MediaTek USA, Inc. (collectively, "MediaTek"). Six of those patents were invented by Austin residents working at Advanced Micro Devices' ("AMD") Austin office. Instead of suing in the Austin Division of the Western District of Texas, where local interest in the dispute is strong, Ocean sued MediaTek in the Waco Division which has no connection to any parties, witnesses, documents, data, relevant evidence, or events in this case. Other than Ocean's decision to file six other lawsuits in Waco, neither party has any connection to or presence in this Division.

This case should be transferred to Austin under 28 U.S.C. § 1404(a). Access to potential sources of proof—including from the companies that sell the allegedly infringing semiconductor manufacturing tools and software—will be relatively easier in Austin than in Waco; the cost of attendance for willing witnesses will be lower in Austin than in Waco; no practical problems would prevent transfer; and Austin has a greater local interest in this matter than does Waco. *See In re Volkswagen*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (listing factors to consider on motion to transfer). The other *Volkswagen* factors are neutral—for example, the requested transfer will pose no efficiency disadvantages because the Austin Division has been "open for business to the public" since May 28, 2021, with appropriate COVID-19 pandemic protocols[1]—and no factor favors Waco. And the defendants in three of Ocean's other suits in the District have asked that their cases be transferred to Austin. *Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, No.: 6:20-cv-1213, Dkt. 36 (W.D. Tex. June 25, 2021) (seeking transfer to Austin as an alternative to transfer to the Northern District of California); *Ocean Semiconductor*

---

[1] *See* Fifteenth Order Related to Entry into the United States Courthouse Austin, Texas (May 28, 2021) (available at https://www.txwd.uscourts.gov/wp-content/uploads/2021/06/Fifteenth%20 Order%20Related%20to%20Entry%20into%20the%20U.S.%20Courthouse_Austin052821.pdf).

*LLC v. Silicon Labs. Inc.*, No. 6:20-cv-01214-ADA, Dkt. 34 (W.D. Tex. Aug. 20, 2021); *Ocean Semiconductor LLC v. STMicroelectronics, Inc.*, No. 6:20-cv-01215-ADA, Dkt. 37 (W.D. Tex. Aug. 20, 2021.[2] Accordingly, this Court should grant MediaTek's intra-district motion to transfer this action to the Austin Division.

## II.   FACTUAL BACKGROUND

### A.   Ocean is a Delaware entity with no connection to Texas.

Ocean is incorporated in Delaware with its principal place of business in Wilmington, Delaware. Compl. ¶ 2. Ocean does not have any connection to Waco—no facilities, no employees, no documents, no customers, and no product sales. *See id.* at ¶¶ 22-27 (pleading no connection between Ocean and the Waco Division). According to public records, Ocean has no property in Texas. Sivinski Decl. ¶ 5. In fact, Ocean is not even registered to conduct business in Texas. *Id.*, ¶ 5.

### B.   MediaTek, a Taiwanese company, has no connection to Waco; MediaTek USA has an Austin office.

Like Ocean, MediaTek has no connection to the Waco Division. MediaTek, Inc. is a Taiwanese corporation headquartered in Hsinchu, Taiwan. Su Decl. ¶ 4. MediaTek, Inc. operates no facilities in the Waco Division, and no employees of MediaTek, Inc. are based in the Waco Division. *Id.*, ¶ 6. MediaTek USA is a wholly-owned subsidiary of MediaTek, Inc. with an office in Austin, Texas. *Id.*, ¶ 6. Employees at MediaTek USA's Austin facility focus on research and development, especially related to radio frequency, computing, and artificial intelligence functions for MediaTek's semiconductor devices. *Id.*, ¶ 8. MediaTek USA has no facilities in the

---

[2] MediaTek understands that the other defendants sued by Ocean in this District will also seek transfer to the Austin Division. *See, e.g.*, *Ocean Semiconductor LLC v. W. Digital Techs., Inc.*, No. 6:20-cv-01216-ADA, Dkt. 25 at 3 (W.D. Tex. May 5, 2021).

Waco Division and no employees in the Waco Division. *Id.*, ¶ 6. To the extent any MediaTek USA or MediaTek, Inc. witnesses or documents relevant to this case are in this District, they are based in Austin. *Id.*, ¶ 6.

### C. Third parties—and their potential sources of evidence—are in Austin.

Advanced Micro Devices (hereinafter, "AMD"), the original assignee of all seven patents-in-suit, currently maintains an office in Austin. Compl., Ex. A-G (patents-in-suit showing AMD is the original assignee); Sivinski Decl. ¶ 6. For six out of the seven patents-in-suit, all named inventors worked at AMD's Austin campus at the time of the alleged inventions. Compl., Ex. A-D, F-G.

Other third parties' potentially relevant witnesses and documents are also in Austin. Ocean alleges that MediaTek imports semiconductors that MediaTek's foundry partners Taiwan Semiconductor Manufacturing Company Ltd. ("TSMC") and United Microelectronics Corporation ("UMC") manufacture using Ocean's patented processes. Compl., ¶¶ 7, 11-12, 15-16, 18, 20-21. Ocean alleges that MediaTek's foundry partners use Applied Materials' ("AMAT") E3 and Smart Factory systems, PDF Solutions' Exensio system, and/or ASML Holding N.V's ("ASML") TWINSCAN and Yieldstar products to perform the patented methods. Compl., ¶¶ 13-14.

All of the tool vendors maintain offices in Texas. None are in Waco; two are in Austin:

- AMAT is a global company with its U.S. headquarters in Santa Clara, California. Sivinski Decl. ¶ 13. AMAT maintains a location in Austin which employs approximately 2,400 people. *Id.*, ¶ 14.

- ASML is headquartered in Veldhoven, the Netherlands. *Id.*, ¶ 15. It also maintains a facility in Austin, Texas. *Id.*, ¶ 15.

3

- PDF Solutions is headquartered in Santa Clara, California; its Texas office is in Dallas. *Id.*, ¶ 16.

MediaTek's foundry partners do not have a location in Waco, either. *Id.*, ¶ 17. TSMC and UMC are both based in Hsinchu, Taiwan. But TSMC's U.S. subsidiary, TSMC North America, maintains an office in Austin. Decl. of Greg White, *STC.UNM v Taiwan Semiconductor Mfg. Co.*, No. 6:19-cv-261-ADA, Dkt. 44-1 at ¶ 7 (W.D. Tex. Sept. 5, 2019).

### III. LEGAL STANDARD

Intra-district transfer is proper to "any other . . . division where [the case] might have been brought" if the transfer is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). Courts perform a two-step inquiry to determine whether transfer is warranted. First, the Court must consider "whether a civil action 'might have been brought' in the destination venue." *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*") (quoting § 1404(a)). Second, the Court must weigh several private and public interest factors to determine the relative convenience of each venue. *See id.* at 315; *see also Volkswagen I*, 371 F.3d at 203. Fifth Circuit precedent, which governs the transfer analysis here, "clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319–20 (Fed. Cir. 2008).

Where the transferee forum is "clearly more convenient" than the plaintiff's original choice the Court must order transfer. *See In re Radmax, Ltd.*, 720 F.3d 285, 288-90 (finding transfer to another division compelled where three factors supported transfer, four were neutral, and none supported the plaintiff's choice of venue); *see also Datascape, Ltd. v. Dell Techs., Inc. et al.*, No. 6:19-CV-00129, 2019 WL 4254069, at *1-3 (W.D. Tex. June 7, 2019) (ordering transfer from Waco to Austin where four factors supported transfer, four were neutral, and none supported the original venue); *VLSI Tech. LLC v. Intel Corp.*, No. 6:19-CV-00254, 2019 WL

4

8013949 (W.D. Tex. Oct. 7, 2019) (ordering transfer from Waco to Austin where three factors supported transfer, four were neutral, and none supported the plaintiff's choice of venue).

IV.    **ARGUMENT**

This case has no connection to Waco. Ocean could have sued MediaTek in Austin, which has the most substantial connection to the case of any Division in this District. Any evidence or witnesses within the District are in Austin. Therefore, the case should be transferred to Austin.

    A.    **Ocean could have sued MediaTek in the Austin Division.**

The threshold venue inquiry is whether Ocean could have sued MediaTek in Austin. *Volkswagen II*, 545 F.3d at 312. MediaTek can satisfy that inquiry here.

An action for patent infringement may be brought "in the judicial district where the defendant resides, or where the defendant has [allegedly] committed acts of infringement and has a regular and established place of business." 28 U.S.C. 1400(b). MediaTek Inc. is a foreign corporation that may be sued in any judicial district, including the Austin Division. *See In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018). MediaTek USA Inc. has an office in Austin, Texas. Compl. ¶¶ 3-4, 24-27; Su Decl. ¶ 6. Thus, this action "might have been brought" in the Austin Division. 28 U.S.C. § 1404(a).

    B.    **The Austin Division is more convenient than the Waco Division.**

Because this case "might have been brought" in Austin, the Court should consider the four private and four public interest factors in deciding whether intra-district transfer is appropriate. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen I*, 371 F.3d at 203. The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local

interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. Here, the ease of access, cost-of-attendance, "practical problems," and local-interest factors favor transfer to Austin, and none favor maintaining the suit in Waco. The following table summarizes these factors:

| Factor | Division Favored |
| --- | --- |
| 1. Relative ease of access to sources of proof | Austin Division |
| 2. Availability of compulsory process to secure the attendance of witnesses | Neutral |
| 3. Cost of attendance for willing witnesses | Austin Division |
| 4. All other practical problems that make trial of a case easy, expeditious and inexpensive | Austin Division |
| 5. Administrative difficulties flowing from court congestion | Neutral |
| 6. Local interest in having localized interests decided at home | Austin Division |
| 7. Familiarity of the forum with the law that will govern the case | Neutral |
| 8. Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

    **1.    Proof is easier to access in Austin, which favors transfer.**

First, relevant documents from third parties—likely the main sources of proof in this case—are more accessible from Austin than from Waco.

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2. "[T]he question is *relative* ease of access, not *absolute* ease of access." *Radmax*, 720 F.3d at 288 (emphases in original). Further, documents outside of both the Austin and Waco Divisions are irrelevant when comparing relative ease of access. *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 ("the comparison between the transferor and

6

transferee forums is not altered by the presence of other witnesses and documents in places outside both forums."); *WSOU Invs. LLC v. Microsoft Corp*, No. 6:20-cv-00454, 2021 WL 1298935, at *3 (W.D. Tex. Apr. 7, 2021) (holding evidence in Washington is irrelevant to relative ease of access between Austin and Waco).

MediaTek is not aware of any documents in Waco. And Ocean has not disclosed any in its opposition to Renesas's motion to transfer. See *Ocean Semiconductor LLC v. Renesas Elecs. Corp.*, Civil Action No.: 6:20-cv-1213, Dkt. 39 at 14 (W.D. Tex. July 9, 2021). Neither party maintains a facility in the Waco Division. Su Decl. ¶ 6; Sivinski Decl. ¶ 5; Compl. ¶ 2. And none of the third-party suppliers or foundries Ocean identified has an office in Waco. Sivinski Decl. ¶¶ 14-15.

But several sources of potential proof are in Austin:

- Six out of the seven patents were invented in Austin. All inventors for those six patents worked at the AMD campus in Austin, where documents relating to inventorship, conception, reduction to practice, prosecution, and transfer of the patents are likely to be located. Sivinski Decl. ¶ 8-12.

- Two of the suppliers identified in Ocean's Complaint, ASML and AMAT, maintain offices in Austin. Sivinski Decl. ¶¶ 14-15.  MediaTek does not have fabrication capabilities so does not use the accused semiconductor-manufacturing tools.[3] Therefore, the key technical evidence about the accused tools' functionality, and potential evidence about prior art systems, resides with these third parties.

---

[3] *See* https://i.mediatek.com/about-mediatek ("MediaTek is the world's 4th largest global fabless semiconductor company and powers more than 2 billion devices a year.")

- TSMC NA, the U.S. subsidiary of MediaTek's foundry partner TSMC, has an office in Austin. Decl. of Greg White, *STC.UNM v Taiwan Semiconductor Mfg. Co.*, No. 6:19-cv-261-ADA, Dkt. 44-1 at ¶ 7 (W.D. Tex. Sept. 5, 2019). Therefore, if TSMC has relevant documents in this District, those documents would be in Austin.
- Finally, MediaTek's only office in this District is in Austin. Su Decl. ¶ 6. To the extent any relevant MediaTek documents are present in this district, they are in Austin.

In *VLSI*, this Court found that transfer was appropriate where both party documents and non-party documents are more accessible in Austin. *VLSI*, 2019 WL 8013949, at *3-4. Like MediaTek, the defendant in *VLSI* has its only office in the District in Austin. *Id.* at *3. NXP, the original assignee of the patents at issue, was headquartered in Austin. *Id.* Having found that documents relating to the invention, prosecution, and transfer of the patents were more accessible in Austin than in Waco, this Court found that the relative ease of access weighed in favor of transfer. *Id.* at *3-4. The likelihood of important non-party documents in Austin also weighs in favor of transfer in this case.

    **2.**    **The cost of attendance for willing witnesses favors transfer.**

While no potential third-party witnesses are in Waco, AMD, ASML, and AMAT all maintain offices in Austin.[4] Sivinski Decl. ¶¶ 6, 14-15. Therefore, the cost of attendance for any willing third-party witnesses from these companies would be less if this case were transferred to Austin. This factor also favors transfer.

---

[4] This court has previously found that both the Austin and Waco Divisions are equally convenient for out-of-state witnesses. *See WSOU*, 2021 WL 1298935, at *4; *VLSI*, 2019 WL 8013949, at *5. Therefore, MediaTek does not address out of state (or foreign) witnesses in this motion.

8

"The convenience of witnesses is the single most important factor in the transfer analysis." *Fintiv*, 2019 WL 4743678, at *6. Courts assign more weight to the convenience of non-party witnesses than that of party witnesses. *See Netlist, Inc. v. SK Hynix Am. Inc.*, No. 6:20-cv-00194, 2021 U.S. Dist. LEXIS 47242, at *19 (W.D. Tex. Feb. 2, 2021); *Moskowitz Family LLC v. Globus Med., Inc.*, No. 6:19-cv-00672, 2020 WL 4577710, at *4 (W.D. Tex. Jul. 2, 2020). This factor weighs in favor of transfer when transfer would shorten the distance from the witnesses' residence to the transferee courthouse. *VLSI*, 2019 WL 8013949, at *4 (residence of seventeen out of eighteen inventors and other third-party witnesses in Austin favors transfer); *Radmax*, 720 F.3d at 289 (holding that traveling over a distance within 100 miles should be factored into the venue-transfer analysis); *Mimedx Group, Inc. v. Texas human Biologics, Ltd.*, No. 1:14-CV-464, 2014 WL 12479284, at *2 (W.D. Tex. Aug. 12, 2014) (inconvenience of travel by party witnesses from San Antonio to Austin favors transfer).

According to public records, five out of the fourteen inventors of the patents-in-suit still live in the Austin Metropolitan Area. Sivinski Decl. ¶ 11. One resides in Johnson City, and another in Spicewood, both within an hour of drive from Austin. Sivinski Decl. ¶ 11. Together, these inventors account for five out of the seven patents. Sivinski Decl. ¶ 11. None of the inventors reside in Waco.[5] This Court has previously held that "inventors' testimony is extremely important, inventors are key witnesses and the Court gives greater weight to their convenience." *VLSI*, 2019 WL 8013949, at *4. Here, the presence of six inventors in Austin, far more than any other location in Texas, favors transfer. Further, AMD's Austin office likely has employees who were involved in the prosecution, licensing, and transfer of the asserted patents. Last, to the

---

[5] *See* Compl. Ex. E (showing the inventors of the '330 Patent live in California).

9

extent any in-District ASML or AMAT witness is called, they would be from Austin. Sivinski Decl. ¶ 11. Therefore, this factor weighs in favor of transfer.

### 3. Austin has a stronger local interest, which favors transfer.

Austin has a connection to this case—six out of the seven patents asserted were invented in Austin, primarily by Austin residents, at the AMD campus in Austin. Compl., Ex. A-G; Sivinski Decl. ¶¶ 6, 8-12. Further, MediaTek USA's Austin office employs over 50 people locally. Su Decl. ¶ 8. AMAT employs about 2,400 people in Austin. In contrast, none of the parties, inventors, or other relevant third parties have any connection to Waco. As a result, "[t]he outcome of the instant action likely affects local Austin interests more acutely than local Waco interests," and "[t]he local interest factor thus strongly favors transfer." *Datascape,* 2019 WL 4254069, at *3; *see also VLSI*, 2019 WL 8013949, at *5 (local interest weighs in favor of transfer when patent-in-suit were invented in Austin and defendant is an employer in Austin). And as with the location of evidence and witnesses, the fact that any other forum would also have an interest is immaterial. "[T]he local interest factor, like all § 1404 factors, is concerned with the ***relative*** interests between the transferee and transferor forums." *Datascape,* 2019 WL 4254069, at *3 (emphasis in original) (citing *Mimedx*, 2014 WL 12479284, at *3 (rejecting argument that "this factor is neutral due to the close proximity of [San Antonio and Austin] and should be afforded little weight").)

### 4. The lack of "practical problems" favors transfer.

There are no practical problems associated with transfer. As discussed above, MediaTek anticipates that all the defendants currently being sued by Ocean in the Waco Division have or intend to request transfers to the Austin Division. *See supra* at 1-2. This Court recently entered a scheduling order, and claim construction has not yet begun. Dkt. 32. Thus, transferring this case to the Austin Division does not pose a risk of any meaningful delay.

## 5. The remaining factors are neutral.

MediaTek is aware of no "administrative difficulties," or differences in "the familiarity of the forum with the law that will govern the case" that would weigh against transfer.[6] Likewise, because MediaTek seeks only intra-district transfer, there are no conflict-of-law or foreign-law issues that weigh against transfer. To MediaTek's knowledge, there are no administrative difficulties flowing from court congestion that would weigh against transfer. Finally, MediaTek is not currently aware of any likely nonparty witnesses who would be subject to compulsory process in Waco but not in Austin. Thus, these factors are neutral.

## V. CONCLUSION

Four *Volkswagen* factors favor transfer: the third-party evidence is in Austin; Austin is more convenient than Waco for inventors and other potential willing witnesses; there are no practical problems associated with transfer to Austin; and Austin has a local interest in this case because of the inventors' locations and MediaTek's, AMD's, ASML's, and AMAT's presence. Waco has no connection to this case. The remaining four factors are neutral, and no factor favors Waco. Therefore, this case should be transferred to the Austin Division.

---

[6] For example, the fact that Ocean has asserted the same patents in other cases pending in the Waco Division does not pose a "practical problem" precluding transfer. *See Datascape*, 2019 WL 4254069, at *3 (In light of "this Court's continued control of the proceedings, there is little if any risk of judicial waste or inefficiency associated with transfer.").

| | |
|---|---|
| Dated: August 24, 2021 | /s/ *Stephanie N. Sivinski* <br> David H. Harper <br> Texas Bar No. 09025540 <br> david.harper@haynesboone.com <br> Stephanie Sivinski <br> Texas Bar No. 24075080 <br> stephanie.sivinski@haynesboone.com <br> David L. McCombs <br> Texas Bar No. 13438700 <br> David.mccombs@haynesboone.com <br> HAYNES AND BOONE, LLP <br> 2323 Victory Avenue, Suite 700 <br> Dallas, Texas 75219 <br> (214) 651-5000 (telephone) <br> (214) 200-0615 (fax) <br><br> COUNSEL FOR DEFENDANTS MEDIATEK INC. AND MEDIATEK USA INC. |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7-1(i) the undersigned, outside counsel for Defendants MediaTek and MediaTek USA hereby certifies that on August 4 and 5, 2021 she conferred by email and telephone with counsel for Plaintiff, Rik Parker. Plaintiff is opposed to the relief requested herein.

/s/ *Stephanie N. Sivinski*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, a true and correct copy of the foregoing was served on all counsel of record via the Court's CM/ECF System.

/s/ *Stephanie N. Sivinski*